IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DONALD WAYNE WILLIS

VS.                                                                  CIVIL ACTION NO. 2:02CV577-KS-RHW

C. DAVID TURNER, ET AL

CERTIFICATE OF APPEALABILITY

      A Notice of Appeal having been filed in the above captioned habeas corpus case, in which the detention complained of arising out of process issued by a State Court pursuant to 28 U.S.C. § 2254 or the detention arising out of a judgment and conviction in Federal Court, which is being challenged pursuant to 28 U.S.C. § 2255, the Court, considering the record in the case and the requirements of 28 U.S.C. § 2253 and Rule 22(b) of the Fed. R. App. P. hereby finds that: a Certificate of Appealability should not issue for the following reasons.

*REASONS:*

      The petitioner has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253.  His rights have been fully adjudicated in State habeas proceedings and were disposed of on the merits. Willis' other claims have been unsuccessfully pursued through the prison's administrative remedy program and no explanation is offered as to how the State court's adjudication of the claim meets the requirements of § 2254(d).  Willis does not identify how his due process rights have been violated, but only make conclusory assertions about how the M.D.O.C. has erred in the application of his two sentences.  Further, Willis does not make any explanation as to how the State court's adjudication violates the double jeopardy clause etc.

For the above reasons, a Certificate of Appealability should **not** issue.  In addition, the petitioner's motion to proceed *in forma pauperis on appeal* [document #21] is granted.  *See* Order [document # 2] entered August 13, 2002 and Fed. R. App. P. 24(a)(3).  The portion of document number 21 requesting appointment of counsel on appeal is denied to the extent that it is not properly before this Court.  The petitioner is advised that motions regarding his appeal should be directed to the United States Court of Appeals for the Fifth Circuit.  See Fed. R. App.P. 27.

SO ORDERED on this, the  8th  day of November, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE